IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-82-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MAGIC C. NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

On December 6, 2010, Magic C. Norman ("Norman") pleaded guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("count one"), one count of possessing with intent to distribute a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) ("count two"), and one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) ("count three"). See Rule 11 Tr. [D.E. 54] 18–34.

On May 5, 2011, the court held Norman's sentencing hearing. See Sentencing Tr. [D.E. 55]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") and ruled on Norman's objections. See id. 2–6; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Norman's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 262–327 months. See Sentencing Tr. 6–7. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Norman to 120 months' imprisonment on count one and 202 months' imprisonment on count two, and an additional 60 months' imprisonment on count three, to be served consecutively. See [D.E. 51]; Sentencing Tr. 16–22.

Norman appealed. See [D.E. 48]. On October 21, 2011, the Fourth Circuit granted Norman's unopposed motion to vacate his sentence and issued a limited remand of the action to this court to allow this court to resentence Norman in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 58].

On April 30, 2012, the court held Norman's resentencing hearing. See [D.E. 65]. Due to Simmons, Norman's conviction on count one was vacated. See id. At the resentencing hearing, the court adopted the facts in the revised Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A). The court calculated Norman's total offense level to be 15, his criminal history category to be III, and his advisory guideline range on count two to be 24–30 months, and 60 months consecutive on count three. See [D.E. 65]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Norman to 30 months' imprisonment on count two and 60 months' imprisonment on count three, to run consecutively. See [D.E. 66].

On September 29, 2014, Norman filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 76]. On October 15, 2015, Norman filed a memorandum in support. See [D.E. 78]. Norman's new advisory guideline range on count two is 18 to 24 months' imprisonment based on a total offense level of 13 and a criminal history category of III. See id. 4–5. His guideline range on count three remains 60 months, consecutive. See id. Norman seeks a 24-month sentence on count two. See id. On October 29, 2015, the government responded to Norman's motion. See [D.E. 81].

The court has discretion to reduce Norman's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam)

(unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Norman's sentence, the court finds that Norman engaged in serious criminal conduct concerning the crack cocaine in count two and the firearm in count three. See Presentence Investigation Report ("PSR") ¶¶ 6–9. Furthermore, Norman has a lengthy and disturbing criminal history, including multiple serious drug convictions and a conviction for assault with a deadly weapon in which Norman shot a victim in the abdomen. See id. ¶¶ 11–20. Moreover, when not incarcerated, Norman has a poor work history. See id. ¶¶ 33–39. Nonetheless, while incarcerated on his federal sentence, Norman has engaged in some positive behavior. See [D.E. 79] 5–6; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Norman received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Norman's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Norman's serious criminal conduct and serious criminal history do not support reducing Norman's sentence. Thus, the court denies Norman's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Norman's motion for reduction of sentence [D.E. 76] is DENIED.

SO ORDERED. This 17 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge